IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DALE JONES, § | | |
| TDCJ No. 2126648, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-3516-C-BN | |
| § | | |
| DIRECTOR, TDCJ-CID, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Christopher Dale Jones, a Texas prisoner, challenges through this *pro se* 28 U.S.C. § 2254 habeas action three Hunt County convictions for aggravated assault with a deadly weapon. *See State v. Jones* Nos. 31461-63 (354th Jud. Dist. Ct., Hunt Cnty., Tex.), *aff'd*, No. 06-17-00073-CR, 2017 WL 6459699 (Tex. App. – Texarkana Dec. 19, 2017, pet. ref'd); Dkt. No. 3 at 3. The Texas Court of Criminal Appeals ("TCCA") refused Jones's petitions for discretionary review on April 18, 2018. *Jones v. State*, PDR Nos. 0046-18, 0047-18, 0045-18 (Tex. Crim. App. 2018); Dkt. No. 13-1 at 46.

Jones filed three state writ applications related to his convictions, which were forwarded to the TCCA on June 28, 2019. *See* Dkt. Nos. 15-29, 15-31, 15-33. On July 10, 2019, the TCCA dismissed these applications for failure to comply with Texas Rule of Appellate Procedure 73.1(d), which mandates that – without leave of court – a memorandum in support of a state habeas

1

application should not exceed 15,000 words if computer generated or 50 pages if not computer generated. *See Ex parte Jones*, WR-90,065-01, 02 & 03 (Tex. Crim. App. July 10, 2019); Dkt. Nos. 15-28, 15-30, 15-32; Dkt. No. 16 at 14-15 (notifications that Jones received from the TCCA advising that his petitions had been dismissed for not complying with Rule 73.1); TEX. R. APP. P. 73.1. Jones then filed three additional state writ applications related to his convictions on August 21, 2019. *See* Dkt. No. 13-1 at 67-140, 143-216, 219-292. On September 16, 2020, the TCCA denied the August 21, 2019 applications without written order based on the findings of the trial court without a hearing and on the court's independent review of the record. *See Ex parte Jones*, WR-90,065-04, 05 & 06 (Tex. Crim. App. Sept. 16, 2020); *see also* Dkt. Nos. 15-34, 15-42, 15-48.

On November 30, 2020, Jones filed this 28 U.S.C. § 2254 application seeking federal habeas relief. The Court referred this action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) pursuant to a standing order of reference from Senior United States District Judge Sam R. Cummings. The State responded to Jones's federal habeas application, arguing that it is untimely. *See* Dkt. No. 13. Jones filed a reply. Dkt. No. 16. The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Jones's federal habeas application as untimely.

**Legal Standards**

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800

3

n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Taking the second prong first, "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). This "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.[1]

But "'[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d

---

[1] *See, e.g.*, *Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citation omitted)).

4

408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

And a showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[2]

---

[2] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely

## Analysis

Jones makes the following claims for federal habeas relief:

(1) The trial court erred when it denied a mistrial based on juror misconduct;

(2) The trial court abused its discretion when it overruled a defense objection regarding admitting some of the State's exhibits;

(3) The trial court erred under Texas law when, during the punishment phase, the court accepted defense counsel's plea of true to the enhancement paragraphs; and

(4) Jones's trial counsel was ineffective for failing to object to the admittance of a State's exhibit into evidence.

Dkt. No. 3 at 6-7.

### A. Application of the AEDPA's Limitations Period

The timeliness of most Section 2254 applications is determined under Section 2244(d)(1)(A), based on the date on which the judgment became final.

For purposes of § 2244(d)(1)(A), a state criminal judgment becomes final under the AEDPA upon the expiration of the time period for seeking a writ of certiorari with the United States Supreme Court or when the Supreme Court either rejects the petition for certiorari or rules on its merits. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003).

---

impact of the evidence on reasonable jurors.' *Id*." (citations modified)).

Here, three criminal judgments were entered against Jones on March 27, 2017. *See* Dkt. No. 13-1 at 3, 8, and 13. The convictions were upheld – with one judgment modified to delete the assessment of attorneys' fees – on direct appeal on December 19, 2017. *See id.* at 38, 41, 44.

Jones then filed PDRs with the TCCA, which were refused on April 18, 2018. *See id.* at 46. Jones then had 90 days – or until July 17, 2018 – to seek a writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 (a petition for a writ of certiorari to review a judgment entered by a state court of last resort is timely when it is filed within 90 days after entry of the judgment). He did not seek a writ of certiorari. *See* Dkt. No. 3 at 3.

For AEDPA purposes, Jones's criminal convictions became final on July 17, 2018, and the expiration for filing a federal habeas application was July 17, 2019. Because Jones did not file his federal habeas application until November 30, 2020, his application is untimely unless he can show that statutory or equitable tolling applies.

### B. Statutory Tolling

Jones argues that he is entitled to statutory tolling under the AEDPA. A properly-filed state habeas application can toll the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The Supreme Court has held that a § 2254 application is properly filed only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including precise requirements for "the form of the document." *Artuz v. Bennett*, 531 U.S.

7

4, 8 (2000).

Here, Jones filed two sets of state habeas applications. On July 10, 2019, the TCCA dismissed Jones's first set of state habeas applications for not complying with Texas Rule of Appellate Procedure 73.1. *See* Dkt. Nos. 15-28, 15-30, 15-32. More specifically, the TCCA dismissed these petitions for including a non-computer-generated memorandum that exceeded 50 pages. *See* Dkt. No. 16 at 14-15.

Jones seems to argue that it is an open issue whether a state habeas application that is dismissed for violating Texas Rule of Appellate Procedure 73.1's page-limit requirement is nevertheless properly filed for purposes of statutory tolling under the AEDPA. *See* Dkt. No. 16 at 10. The undersigned does not agree.

A state habeas application that is dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1 does not toll the AEDPA limitations period. *See, e.g.*, *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (a state habeas application that does not comply with Texas Rule of Appellate Procedure 73.1(d) is not properly filed for purposes of tolling the federal habeas limitations period) (citing *Artuz*, 531 U.S. at 8); *Wickware v. Thaler*, 404 F. App'x 856, 858-59 (5th Cir. 2010) (per curiam) (noting that a state habeas action dismissed for failure to comply with Texas Rules of Appellate Procedure 73.1 and 73.2 was not properly filed under the AEDPA); *see also North v. Davis*, 800 F. App'x 211, 213-14 (5th Cir. 2020) (per curiam) (a state habeas

application that was dismissed for failing to comply with Texas Rule of Appellate Procedure 73.1's word count requirement for computer-generated briefs was not properly filed for purposes of statutory tolling under the AEDPA); *Dittman v. Davis*, No. 3:16-cv-2339, 2017 WL 4535286, at *3 (N.D. Tex. Sep. 21, 2017), *rec. accepted* 2017 4541415 (N.D. Tex. Oct. 10, 2017) ("Because Dittman's initial state-habeas petition was dismissed by the CCA because the petition did not comply with Rule 73.1, that application was not 'properly filed' and did toll the AEDPA statute of limitations."; citations omitted).

And, as for the applications that were properly filed on August 21, 2019, because these applications were filed after the federal limitations period had already run, they do not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Jones also argues that Texas Rule of Appellate Procedure 73.1 is an unconstitutional impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from filing a timely federal application. *See* Dkt. No. 16 at 7. The undersigned does not agree.

To establish a state-created impediment, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Jones has not shown that the procedural rule prevented him from filing his state or federal petition. Clearly, Jones was able to –and did – file a

9

state habeas petition – he just did so incorrectly. And, at any rate, Jones does not explain how Texas Rule of Appellate Procedure 73.1 is unconstitutional.

Statutory tolling is inapplicable to Jones's federal habeas application.

### C. Equitable Tolling

Jones also argues that equitable tolling should apply. Dkt. No. 16 at 9-10. Again, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis.*, 577 U.S. at 250 (quoting *Holland*, 560 U.S. at 649).

Liberally construing his filings, Jones appears to argue that his status as a *pro se* litigant, his lack of knowledge of the laws, his attempt – albeit unsuccessful – to properly file a state habeas petition complying with the pertinent procedural rules, or some combination of these factors, amounts to an exceptional circumstance warranting equitable tolling.

"Critically, however, a petitioner's failure to comply with state procedural law or general ignorance of the law do not qualify as extraordinary circumstances for purposes of equitable tolling." *Jones*, 22 F.4th at 491 (citing *Larry v. Dretke*, 361 F.3d 890, 897-98 (5th Cir. 2004) (untimeliness resulting from the failure to comply with procedural requirement that a state habeas application be filed after conviction becomes final did not warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (noting that

10

"ignorance of the law, even for incarcerated *pro se* petitioner, generally does not excuse prompt filing")); *see also Brown v. Cain*, CIVIL ACTION NO. 14-0104-JWD-EWD, 2017 WL 1251000, at *8 (M.D. La. Mar. 24, 2017) (noting that the Fifth Circuit has declined to apply equitable tolling when the petitioner's state habeas application is non-compliant due to a failure to comply with state procedural rules because the petitioner's own actions, rather than the state's actions, caused the untimeliness of the petition).

Jones also states that he was "unaware that the State chose to dismiss his application." Dkt. No. 16 at 7. If Jones is arguing that delay in receiving notice of the dismissals warrants equitable tolling, the undersigned disagrees.

Jones does not say when he received notice of the dismissals, so Jones has not established that there was any delay in the first place. And, at any rate, the Fifth Circuit has held that a delay in receiving notification of a dismissal of an improperly-filed habeas petition is not the kind of extraordinary circumstance justifying equitable tolling because it arises from the petitioner's own action in failing to comply with state procedural rules. *See Larry*, 361 F.3d at 897 (affirming denial of equitable tolling where petitioner's own action prevented him from asserting his rights); *Jones v. Stephens*, 541 F. App'x 499, 503-05 (5th Cir. 2013) (per curiam) (finding state court's failure to timely inform petitioner his state habeas application was improperly filed under Texas Rule of Appellate Procedure 73.1 did not constitute an extraordinary circumstance warranting equitable tolling); *Alvarado v. Davis*,

11

CIVIL NO. SA-20-CA-031-OLG, 2020 WL 2326081, at *3 (W.D. Tex. May 11, 2020) (same).

Jones has not shown that he is entitled to either statutory or equitable tolling, and so the Court should dismiss his federal habeas application with prejudice as untimely.

## Recommendation

The Court should dismiss Jones's application for a writ of habeas corpus with prejudice as untimely.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED.

DATED: June 28, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE